Daniel B. Chammas (SBN 204825)
dchammas@fordharrison.com
Min K. Kim (SBN 305884)
mkim@fordharrison.com
FORD HARRISON LLP
350 S. Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendant,
OTO DEVELOPMENT, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GLENDA URRUTIA, individually, and on behalf of other similarly situated employees,

Plaintiff,

vs.

OTO DEVELOPMENT, LLC; and DOES 1 through 25, inclusive,

Defendants.

Case No.

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §§ 1332, 1441(a), 1441(b), 1446 AND 1453**

Action Filed: June 11, 2026
Removal Date: July 16, 2026

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant OTO Development, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

## I. PLEADINGS AND PROCESS, AND ORDERS

1. On June 11, 2026, Plaintiff Glenda Urrutia ("Plaintiff") individually and on behalf of all others similarly situated, filed a complaint against Defendant entitled "*Glenda Urrutia,*

*individually, and on behalf of other similarly situated employees v. OTO Development, LLC, and Does 1-25, inclusive*," in the Superior Court of California, County of Mateo, Case No. 26-CIV-04721 (hereinafter, the "Complaint"). A true and correct copy of the Complaint is attached to the Declaration of Daniel Chammas, ¶ 2 ("Chammas Decl.") as **Exhibit A**. The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

2. The Complaint alleges ten causes of action which Plaintiff pursues on a class-wide basis: (1) Violation of Cal. Lab. Code §§ 1194 and 1197.1 (failure to pay Minimum Wage); (2) Violation Cal. Lab. Code §§ 510 and 1198; (3) Violation of Cal. Labor Code §§ 551 and 552 (Failure to Provide One Day's Rest In Seven); (4) Violation of Cal. Lab. Code §§ 226.7 and 512 (Meal Break Violations); (5) Violation of Cal. Lab. Code §§ 226.7 (Rest Break Violations); (6) Violation of Cal. Lab. Code §§ 204 and 210 (Wage not timely paid during employment); (7) Violation of Cal. Lab Code § 226(a) (Wage Statement Violations); (8) Violation of Cal. Lab. Code §§ 201, 202, and 203 (Untimely Fina, Wages); (9) Violation of Cal. Lab. Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses); and (10) Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (*See generally* Ex. A. *supra*.)

3. True and correct copies of the Summons, Civil Case Cover Sheet, and Notice of Case Assignment and Notice of Hearing are attached to the Chammas Decl. as **Exhibit B**.

4. A true and correct copy of the Proof of Service of Summons on Defendant, which was filed on June 17, 2026, is attached to the Chammas Decl. as **Exhibit C**.

5. True and correct copy of Defendant's Answer to Plaintiff's Complaint, which was filed on July 15, 2026, is attached to the Chammas Decl. as **Exhibit D**.

6. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders received by Defendant or filed with the Court in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, County of San Joaquin or served by any party. (Chammas Decl., ¶ 6.)

## II. TIMELINESS OF REMOVAL

7. On June 16, 2026, Defendant was personally served with the Summons and Plaintiff's Complaint in the state court action filed in the County of San Mateo. (*Id.*, ¶ 4.) This Notice of

Removal is timely filed in accordance with 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days after June 16, 2026, the date on which Defendant was served with the Complaint. Accordingly, this Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

## III. VENUE

8. The United States District Court for the Northern District of California is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of San Mateo, which is located within the Northern District of California. 28 U.S.C. § 84(a).

## IV. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

9. This Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d). CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

10. Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendant. The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

11. This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of "Plaintiff and all others similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure section 382," and "[a]ll current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment." (Compl., ¶ 23-24, Ex. A to Chammas Decl., ¶ 2.) While Plaintiff does not allege the size of the class in the Complaint, she claims that the members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impractical. (*Id.* at ¶ 28.)

///

///

**A. Citizenship of Parties**

12. Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant 28 U.S.C. § 1332(d)(2).

13. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. Here, Plaintiff alleges that she is and was an individual residing in the State of California." (Compl., ¶ 9, Ex. A to Chammas Decl.) Plaintiff resides in California with an intent to permanently remain in California. Accordingly, Plaintiff is a citizen of the State of California for diversity purposes. *Kanter*, 265 F.3d at 857.

15. For purposes of CAFA, "an unincorporated association such as an LLC is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

16. Defendant OTO Development, LLC is a Delaware limited liability company, with its principal place of business in South Carolina.

17. Accordingly, Defendant OTO Development, LLC is a citizen of South Carolina and Delaware for purposes of diversity jurisdiction. 28 U.S.C. § 1332(d)(10).

18. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

19. Here, diversity of citizenship is met because Plaintiff is a citizen of California while Defendant OTO Development, LLC is a citizen of South Carolina and Delaware. Therefore, the minimal diversity requirement is fully satisfied. *See*, 28 U.S.C. § 1332(d)(2)(A).

**B. The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members**

20. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Further, CAFA may only be invoked if the proposed class contains at least 100 members. 28 U.S.C. § 1332(d).

21. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.*

22. Here, Plaintiff has not alleged an amount in controversy in the Complaint. A "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*¸ 574 U.S. 81, 89 (2014). If the plaintiff or the court contests a defendant's allegations, however, "[e]vidence establishing the amount is required." (*Id.*) As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.' *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011). *See also Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements") (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

///

**Calculation of Amount in Controversy with Reasonable Assumptions**

23. Here, Defendant can plausibly allege, based on Plaintiff's Complaint and her prayer for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million. The assertions of Defendant herein are limited to their preliminary understanding of Plaintiff's claims and data currently available to Defendant.

24. Plaintiff has defined the proposed Class as "[a]ll current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment." (Compl., ¶ 23-24, Ex. A to Chammas Decl., ¶ 2.) During the period of June 11, 2022 to July 16, 2026 (the date of removal) (hereinafter, the "Relevant Time Period"), based on the personnel and payroll records of those whom Defendant employed as hourly non-exempt employees, Defendant employed at least 2,532 individuals in California. The employees in question worked at least six hours a day.

25. While Defendant denies Plaintiff's claims of wrongdoing and denies her request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does a defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

///

**Failure to Provide Accurate Itemized Wage Statements Claim**

26. For the Seventh Cause of Action, Plaintiff alleges that "[a]s a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to provide Plaintiff and the other Class Members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code 226(a)." (*Id.*, at ¶ 85.)

27. "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Labor Code ¶ 226(e)(1). The statute of limitations for such penalties is one year.

28. Based on Defendant's records available at this time, there are approximately 909 employees in the wage statement putative class (i.e., who received wage statements from June 11, 2025 to the present). Assuming *arguendo* the truth of Plaintiff's allegations that the Proposed Class Members are entitled to wage statement penalties based on at least some unpaid wages each pay period, based on the number of wage statements issued to each respective Proposed Class Members during the Relevant Time Period, and capping each individual's statutory penalties to a maximum of $4,000, Plaintiff's claim for inaccurate wage statement penalties, in the aggregate, is estimated to be at least $2,426,050.

**Failure to Pay Final Wages at Termination Claim**

29. For the Eighth Cause of Action, Plaintiff alleges that "[a]s a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiff and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without

limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and Class Members as they became due, as required per California Labor Code section 204." (*Id.*, at ¶ 92.)

30. Under Cal. Lab. Code § 203, the penalty for a willful failure to pay wages to an employee upon separation or termination is day's pay until those wages are paid (for a maximum of 30 days).

31. Given the three-year statute of limitations for claims under section 203, at least 1,316 class members were terminated after June 11, 2023. The minimum daily shift for these employees was six hours in length. Assuming *arguendo* the truth of Plaintiff's allegations that these employees suffered at least one wage violation at some time during their employment, then, when their last hourly rate is taken into account, the amount in controversy for this claim is $4,815,807.

32. The amount in controversy for *only* Plaintiff's seventh (wage statement claim) and eighth (waiting time penalties) causes of action is at least **$7,241,857**, exclusive of Plaintiff's minimum wage claims, overtime claims, meal and rest period claims, indemnification claims, and attorneys' fees and interest.

33. Accordingly, the potential amount in controversy is in excess of the $5 million threshold for CAFA jurisdiction.

**V. NOTICE OF REMOVAL**

34. A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of San Mateo.

35. By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal law. Defendant expressly reserves the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

///

///

////

///

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California.

Dated: July 16, 2026

FORD HARRISON LLP

By: */s/ Daniel Chammas*
Daniel B. Chammas
Min K. Kim
Attorneys for Defendant,
OTO DEVELOPMENT, LLC

**PROOF OF SERVICE**

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. My electronic service address is lmarquez@fordharrison.com.

On **July 16, 2026**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §§ 1332, 1441(a), 1441(b), 1446 AND 1453**

| | |
|---|---|
| Miriam Schimmel<br>Joana Fang<br>Jared C. Osborne<br>Kyle W. Wilson<br>BLACKSTONE LAW, APC<br>8383 Wilshire Boulevard, Suite 745<br>Beverly Hills, CA 90211<br>Tel.: (310) 622-4278<br>Fax: (855) 786-6356<br>Email: mschimmel@blackstonepc.com<br>jfang@blackstonepc.com<br>josborne@blackstonepc.com<br>kwilson@blackstonepc.com | Attorneys for Plaintiff,<br>GLENDA URRUTIA |

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served the documents on the date shown below to the e-mail addresses of the person listed above. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **July 16, 2026**, at Los Angeles, California.

Lillian Marquez

FORD HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES